UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gary L. Legette, ) | Civil Action No.: 4:06-2928-RBH |
| )  Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER** |
| Promus Hotels, d/b/a Kingston ) | |
| Plantation, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action was initiated by the plaintiff pursuant to 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e, *et seq*. alleging termination based on race.

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

1

**Report and Recommendation**

In his Report and Recommendation filed on February 6, 2009, the Magistrate Judge recommends that the defendant's motion for summary judgment be granted. The plaintiff filed objections to the Report on February 16, 2009. Defendant filed a response to the objections on February 26, 2009.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.*, quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Summary judgment should only be granted in those cases where there is no issue of fact involved and inquiry into the facts is not necessary to clarify application of the law. *McKinney v. Board of Trustees Mayland Community College*, 955 F.2d 924 (4th Cir. 1992). A district court should not grant summary judgment "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail

2

under the circumstances." *Campbell v. Hewitt, Coleman & Assoc.*, 21 F.3d 52, 55 (4th Cir. 1994).

Based on the briefs and information submitted,[1] I find that there are no genuine issues of material fact precluding summary judgment.

## **Factual Background**

Prior to his discharge, Plaintiff Legette was an Assistant Executive Housekeeper in the Condominium Housekeeping Department at Kingston Plantation, operated by the defendant, Promus Hotels. Alease Brooks Gainey was a housekeeper who reported to Joyce Richardson, who reported to Plaintiff. Plaintiff's supervisor was Frances Wilson. Plaintiff, Richardson, and Wilson are African American. On December 11, 2004, Jason Smith allegedly approached Gainey in the hall where she was working. He was dressed in a shirt, boxer shorts, and socks and asked her for washcloths and whether she wanted to "take a break". She allegedly handed him the washcloths and responded that she did not wish to take a break. Smith then allegedly grabbed her wrist, but she managed to pull away. Gainey reported the matter to Richardson and Legette. Legette reported at least some of the facts related to the incident to Wilson, who instructed him to obtain a statement from Gainey. The notes from the meeting between Davis, Marti, Wilson, and Fricano indicate that Wilson stated that "the only thing Gary stated was that there was a man in Brighton (towers) and he was bothering Alease." She states that she did not learn of the assault until the following Sunday when she read the statement from Alease. "At that time she confronted Gary and told him that she was disappointed that he did not give her all the facts at the time of the incident." Plaintiff's version of the facts was that, "at that time I took her to her immediate supervisor and we talked. And I called Frances over the phone. And I told her what had happened." (Depo., p. 61). He also apparently testified in his deposition that he left a message regarding

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

the matter on the voicemail of Ray Davis' phone and faxed him the statement. He also testified that Wilson said the matter would be handled internally and that the police would not be called. *See* Objections, p. 2.

### **Plaintiff's Objections**

Plaintiff's first objection asserts that *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) is not viable law after *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). However, the Fourth Circuit has recognized that the *McDonnell Douglas* burden-shifting paradigm is still useful in pretext cases. *See Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310 (4th Cir. 2005) ("Notwithstanding our clear recognition . . . of . . . the continued vitality of the *McDonnell Douglas* framework, Diamond insists that after *Desert Palace* that framework is 'no longer a tool which can be used to dismiss a Title VII case at the [s]ummary [j]udgment stage.' Her argument finds no support in the text of *Desert Palace*, which does not even mention *McDonnell Douglas.* Moreover, since deciding *Desert Palace*, the Supreme Court has continued to invoke the burden-shifting framework in pretext cases."[2] ); *See also*, *Hill v. Lockheed Martin Logistics Management, Inc*., 354 F.3d 277, 285 (4th Cir. 2004).

The plaintiff secondly objects to the Magistrate's finding with reference to the second element of the *prima facie* case (that he was qualified for the job and had satisfactory job performance) that he violated company policy by failing to report the full extent of a serious incident of possible sexual assault on one of his subordinates. Plaintiff asserts that he did comply with the policy in that he notified a supervisor, Ms. Frances Wilson, and that he took all steps that she instructed him to do. He further contends that Ms. Wilson was not disciplined and that he was the "scapegoat." He references

---

[2] *See Raytheon Co. v. Hernandez*, 540 U.S. 44 (2003); *Johnson v. California*, 545 U.S. 162 (2005).

4

pages 65, 66, 68, 69, 71, 72, and 73 of his deposition.

Defendant has provided other pertinent pages from the depositions as well as the plaintiff's "statement"[3] and "statement" of Ray Davis, Marion Marti, Frances Wilson, and Angela Fricano[4]. Defendant has also attached copies of various company policies. Defendant has additionally provided the Court with certain Requests to Admit (docket entry #28-21) to which the plaintiff failed to respond. If those are deemed true, then Plaintiff admits that he "did not immediately report the incident to anyone" and "did not try to apprehend the man". (Requests to Admit, # 18 and 19).

The Court has not been provided with a copy of the pages cited by the plaintiff from his deposition, since the plaintiff failed to respond to the motion for summary judgment. However, in an effort to give the plaintiff the benefit of the doubt on summary judgment, the Court will assume for the sake of argument that the content of the deposition is as he states. Nevertheless, the plaintiff's failure to respond to the requests to admit would appear to defeat the plaintiff's proof of the second element of the *prima facie* case. However, even assuming arguendo that the plaintiff submitted sufficient evidence to create an issue of fact on the second element of the *prima facie* case, he has also failed to prove the fourth element of the *prima facie* case.

Plaintiff's third objection is to the Magistrate's recommendation regarding the fourth element of the *prima facie* case that other employees who were not members of the protected class did not suffer the same adverse employment action. He asserts that "Francis (Wilson) and Ray were in the exact same position, except they bore greater responsibility." It is undisputed that Ms. Wilson was also African

---

[3] Docket Entry # 28-7.

[4] Docket Entry # 28-6. Ray Davis was defendant's Director of Safety/Security; Marion Marti was Director of Human Resources. Frances Wilson was Plaintiff's supervisor. Angela Fricano was Director of Condominium Housekeeping and was Wilson's supervisor.

American, so the Court rejects this argument as to her. As to Ray, although he is Caucasian, the record contains no evidence that he was similarly situated with the plaintiff; his position was Director of Safety and Security while Plaintiff served as Assistant Executive Housekeeper. *See, e.g., LaCroix v. Sears Roebuck and Co.*, 240 F.3d 688, 694 (8th Cir. 2001).[5] In addition, Ray was not supervised by the same person as the plaintiff and was thus not similarly situated. *See* cases cited in Report and Recommendation, pp. 9-10.

The Court agrees with the Magistrate Judge that the plaintiff has failed to establish a *prima facie* case of racial discrimination and that, even if he did so, then he has failed to prove that the legitimate nondiscriminatory reason for the termination given by the employer was pretextual. Therefore, Defendant's motion for summary judgment is granted.

## **Conclusion**

For the foregoing reasons, the undersigned overrules all objections, adopts the Report and Recommendation of the Magistrate Judge, and **GRANTS** the defendant's [28] motion for summary judgment.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Court Judge

May 21, 2009
Florence, SC

---

[5] Plaintiff alleged in his Complaint that a Caucasian employee, Phil Nantz, was treated differently under similar circumstances. However, he does not mention Nantz in his objections, so any allegations regarding Nantz are not properly preserved. In addition, Plaintiff admitted in his deposition that he had no evidence to support any allegations regarding the employer's treatment of Nantz. *See* Depo. of Plaintiff, pp. 78-81. (Docket Entry #28-4).